C. E. THOMAS V. STATE.

No. 24692. March 8, 1950.

*Alvin R. Allison* and *Earl R. Allison,* Levelland, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for driving a motor vehicle on a public highway while intoxicated, in which a fine of $50.00 was assessed.

The evidence is sufficient to sustain the conviction. The appeal brings forward two bills of exception. The first of these complains of the testimony of a policeman who said that he weighed 320 pounds, that the defendant weighed about 145 pounds and that it would take no more beer to make the defendant drunk than it would him, the policeman. Further, the witness said, as recited in the bill, that he could not tell whether or not a man was drunk by smelling his breath, but could tell that the defendant was drunk by the way he acted, concluding, "Yes, I had him to walk."

Objection to this is urged on the ground that it violates a constitutional provision in forcing him to produce evidence against himself, by forcing him to walk. We find nothing in the record to show when and where the policeman had him to walk, nor what the result was, nor that same is the basis for his conclusion that appellant was drunk. If an officer should arrest a man at any place other than in his cell it would be presumed he would have him to walk and we see no reason why he would not be permitted to observe that walk and testify as to the results. The many cases of foot prints, finger prints, etc., are in point.

The second bill complains of the testimony of a witness who said he saw a blue Mercury car driving recklessly at the very time alleged; that he saw it hit a truck and tear off a door; and that he saw the same car stopped in front of the funeral home. The witness further said that he did not know whether this defendant was driving that car or not. Objection was made that the witness had not identified the blue Mercury car about which he was testifying as being the one driven by the accused.

Standing alone there would be merit in this objection, but the evidence of the state shows that the policeman stopped appellant in such a car at that particular time and place. The evidence to which this objection was lodged was admitted by the court on a theory that it tended to impeach the evidence of the appellant, who said that he did not drive recklessly. The objec-

tion lodged to this evidence is not tenable and it would seem that the evidence is admissible, not only for the purpose offered but in support of the testimony of the officer, which testimony had been denied by the accused.

We find no reversible error and the judgment of the trial court is affirmed.

*George P. Blackburn*, State's Attorney, Austin, for the state.